UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE KRELLER CONSULTING GROUP, INC., | : | Case No. 1:14-cv-356 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| PRIMELENDING, A PLAINSCAPITAL COMPANY, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 4)**

This civil action is before the Court on Defendant's motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue (Doc. 4), and the parties' responsive memoranda (Docs. 7, 8).

## I.    BACKGROUND FACTS AS ALLEGED BY THE PLAINTIFF[1]

Plaintiff is an Ohio corporation that provides cost saving audits.  (Doc. 5 at ¶ 1). Plaintiff is paid a fee if its customers implement recommended cost-savings measures and realize a savings.  (*Id.*)  Defendant was one of Plaintiff's customers.  (*Id.* at ¶ 3).

In late 2012, Plaintiff provided Defendant with a series of seven cost-saving measures to implement.  (Doc. 5 at ¶ 3).  Initially, Defendant declined Plaintiff's proposal.  (*Id.* at ¶ 4).  Ultimately, Defendant implemented recommendations in three of its business areas.  (*Id.* at ¶ 5).

---

[1] *See, e.g.*, *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2002) (the court must "construe the facts in the light most favorable to the non-moving party in reviewing a dismissal pursuant to Rule 12(b)(2).").

On September 26, 2012, Plaintiff and Defendant had signed a Letter of Confidentiality and Intent ("Letter"). (Doc. 5, Ex. A). Plaintiff alleges that pursuant to the terms of the Letter, Defendant must provide documentation so that Plaintiff can determine whether Defendant's implementation of its cost-savings measures realized savings and, accordingly, whether Plaintiff's fee is properly assessed. (*Id.* at ¶ 6).

## II. PROCEDURAL HISTORY

Plaintiff initiated this action in the Hamilton County Court of Common Pleas. (Doc. 4 at 2). Defendant removed the case based on diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 4 at 4). Now, Defendant moves to dismiss the action for lack of personal jurisdiction.

Plaintiff does not address personal jurisdiction in the Complaint, but contends that "this Court's jurisdiction over PrimeLending rests on general jurisdiction principles." (Doc. 7 at 3). Plaintiff explains that "[b]ecause PrimeLending engages in continuous, systematic business operations in Ohio and because Kreller's recommendations, if implemented, would have impact [*sic*] cost savings here, the exercise of personal jurisdiction by this court over PrimeLending is constitutionally and statutorily on firm ground." (*Id.* at 4).

In an Affidavit, Defendant maintains that it "is a Texas corporation, and Texas is its primary place of business. Although Defendant has retail business locations in Ohio, its headquarters for all of its operations is in Texas. Its executives and decision makers are in Texas." (Doc. 4 at 4). Defendant claims that all of its contacts with Plaintiff

2

occurred in Texas and would not "have related to any Ohio retail location (or any other specific location)" and that "[a]ny savings realized … would have accrued generally to the company, not to any particular location." *Id.*

## III.    STANDARD OF REVIEW

Plaintiff bears the burden of establishing personal jurisdiction. *Mich. Nat'l Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir. 1989). This burden, however, is "slight." *Coast to Coast Health Care Serv., Inc. v. Meyerhoffer*, 2:10cv734, 2012 U.S. Dist. LEXIS 6250, at *3 (S.D. Ohio Jan. 19, 2012). In deciding whether personal jurisdiction exists, a court has discretion to hold a hearing or to rely on the affidavits and factual allegations in the pleadings. *Id*.

When a defendant files a properly supported motion to dismiss, "the plaintiff may not stand on [its] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The plaintiff "need only make a *prima facie* showing of jurisdiction." *Id*. Dismissal is proper where the plaintiff's factual allegations taken together fail to establish a *prima facie* case for personal jurisdiction. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

## IV.    ANALYSIS

In diversity cases, "we look to the law of the forum state to determine whether personal jurisdiction exists." *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). When jurisdiction is based on diversity, a two-step process is used to determine

3

whether a court has personal jurisdiction over a nonresident corporation.  *Capitol Specialty Ins. Corp. v. Splash Dogs*, 801 F. Supp. 2d 657, 663 (S.D. Ohio 2011).  The two-step review requires the Court to determine whether Defendant's conduct falls within the Ohio long-arm statute and, if so, whether exercising personal jurisdiction violates Defendant's Fourteenth Amendment due process rights.  *Id*. (*quoting Tharo Sys., Inc. v. Cab Produkttechnik GmbH & Co. KG*, 196 F. App'x 366, 369 (6th Cir. 2006)).

### A.  Long-Arm Statute

Ohio's long-arm statute provides in relevant part:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

> (1) Transacting any business in this state;

> (2) Contracting to supply services or goods in this state;

Ohio Rev. Code § 2307.382(A)(1), (2).

"Although the Ohio Supreme Court has determined the Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause, [the] central inquiry is whether minimum contacts are satisfied so as not to offend 'traditional notions of fair play and substantial justice.'"  *Calphalon*, 228 F.3d at 721.  "Jurisdiction may be found to exist either generally, in cases in which a defendant's 'continuous and systematic' conduct within the forum state renders the defendant amenable to suit in any lawsuit brought against it in the forum state, or specifically, in cases in which the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum."  *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 361 (6th Cir. 2008).

4

Transacting business is defined as "'to carry on business,' as well as 'to have dealings,' and … is farther reaching than the term 'contract.'" *Evenflo Co., Inc. v. Augustine*, No. 3:14-cv-00076, 2014 U.S. Dist. LEXIS 91633, at *9 (S.D. Ohio July 3, 2014) (*quoting Shaker Constr. Group, LLC v. Schilling*, No. 1:08cv278, 2008 U.S. Dist. LEXIS 79645, at *3 (S.D. Ohio Sept. 18, 2008)). *See also Brunner v. Hampson*, 441 F.3d 457, 464 (6th Cir. 2006) ("[t]he term 'transacting any business' as used in . . . the statute . . . will be given broad interpretation."). However, the out-of-state defendant must have "ongoing substantive contacts," and "the existence of a contract or simply soliciting business in Ohio is not enough." *Id.* at 10.

Two factors help determine whether an out-of-state defendant "transacted business" within the meaning of the long-arm statute. *Hitachi Med. Sys. Am., Inc. v. St. Louis Gynecology & Oncology, LLC*, No. 5:09cv2613, 2011 U.S. Dist. LEXIS 17022, at *12 (N.D. Ohio Feb. 22, 2011).

> The first factor is whether the out-of-state defendant initiated the dealing. If it were the defendant who "reached out" to the forum state to create a business relationship, the defendant has transacted business within the forum state. The question of who initiates the contact, however, is but one factor to be considered and the determination is not always dependent upon who initiates the contact. *Id.* at 12-13. …
>
> The second factor is "whether the parties conducted their negotiations or discussions in the forum state, or with terms affecting the forum sate." If the parties negotiated in Ohio with provisions affecting Ohio, the non-resident transacted business in Ohio. However, merely directing communications to an Ohio resident for the purpose of negotiating an agreement, without more, is insufficient to constitute "transacting business." "Rather, there must additionally be some continuing obligation that connects the non-resident defendant to the state or some terms of the agreement that affect the state." *Id.* at 14-15.

5

When "a nonresident defendant transacts business by negotiating and executing a

contract via telephone calls and letters to an Ohio resident, then the defendant has

purposefully availed himself of the forum by creating a continuing obligation in

Ohio." *Russian Collections v. Melamid*, No. 2:09cv300, 2009 U.S. Dist. LEXIS 113733,

at *13-14 (S.D. Ohio Nov. 18, 2009).

> Plaintiff alleges that personal jurisdiction is proper because:
>
> Defendant is a large U.S. lender that transacts business in all 50 states. […]
> It has recently advertised itself as the 13th largest lender in the nation. […]
> And it maintains offices throughout Ohio to facilitate business transactions
> with Ohio residents.  […]  It purchases billboard ads here in Cincinnati to
> promote its business.

(Doc. 7 at 1).  However, the Complaint does not describe whether PrimeLending, as the

out-of-state defendant, initiated the transaction at issue or where the negotiations were

conducted.  (*See* Doc. 5).  The only part of the two-factor test that is addressed in the

Complaint is an implication that the transaction between the parties would affect

Defendant's retail locations in Ohio.  (*See* Doc. 5 at ¶ 1).  Specifically, Plaintiff argues

that its "cost-savings recommendations apply to the transactions that Defendant carries

out in Ohio and elsewhere."  (Doc. 7 at 2).  On its own, this connection is attenuated and

insufficient to constitute a substantive contact with Ohio.  Plaintiff has not pointed to any

specific terms that affect Ohio or Defendant's businesses in Ohio.

Moreover, Plaintiff initiated the business contact at Defendant's headquarters in

Texas.  (Doc. 4 at 2, 6).  In fact, all business dealings and negotiations occurred at

Defendant's Texas headquarters.  (*Id.*)  Plaintiff does not dispute these facts, but argues

that its "recommendations apply to the transactions that PrimeLending carries out in Ohio

and elsewhere" and relies on its assertion that "PrimeLending pervasively does business throughout Ohio and in particular in Cincinnati." (Doc. 7 at 2). While Defendant acknowledges that it has retail locations in Ohio, Defendant maintains that if any services were provided by Plaintiff, they exclusively impacted its corporate operations in Texas. (*Id.*) Accordingly, Plaintiff fails to establish that Defendant transacted business in Ohio within the meaning of the long-arm statute.

### B. Constitutional Due Process Rights

The Sixth Circuit employs a three-prong test to determine whether specific jurisdiction can be exercised consistent with the Due Process Clause of the Fourteenth Amendment. First, "the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state." *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). "Second, the cause of action must arise from the defendant's activities there." *Id.* Finally, "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection to the forum to make the exercise of jurisdiction over the defendant reasonable." *Id.*

Plaintiff must establish personal jurisdiction under both the Ohio long-arm statute and the Constitutional due process standard. However, even if Plaintiff could establish personal jurisdiction under the Ohio long-arm statute, Plaintiff fails to evidence that personal jurisdiction can be exercised consistent with Defendant's due process rights.

### 1. *Purposeful Availment*

"The purposeful availment prong of the *Southern Machine* test is essential to a finding of personal jurisdiction."  *Calphalon*, 228 F.3d at 721.  It "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts."  *Id*. at 721-22.  Purposeful availment is satisfied when, "the defendant's contacts with the forum state proximately result from actions by the defendant himself that create a substantial connection with the forum State, and when the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there."  *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 478 (6th Cir. 2003).  "The emphasis in the purposeful availment inquiry is whether the defendant has engaged in 'some overt actions connecting the defendant with the forum state.'"  *Id*.  "The Sixth Circuit has held that a single 'substantial business contract' can satisfy the requirements of purposeful availment."  *Union Cent. Life Ins. Co. v. Andraos Capital Mgmt. & Ins. Servs*, No. 09-758-HJW-JGW, 2010 U.S. Dist. LEXIS 129524, at *10-11 (S.D. Ohio June 16, 2010).

"[T]he Ohio 'transacting any business' standard is coextensive with the purposeful availment prong of the constitutional analysis."  *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp*., 198 F. App'x 425, 432 (6th Cir. 2006).  Thus, for the same reasons stated *supra* regarding the 'transacting any business' standard, Plaintiff also fails to evidence the purposeful availment prong of the constitutional analysis.

### 2. Arising From

Second, a plaintiff's cause of action must "arise from" the defendant's contacts with the forum state. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc*., 503 F.3d 544, 553 (6th Cir. 2007). This is a "lenient standard." *Id*. "If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts." *CompuServe,* 89 F.3d at 1267. "This factor does not require that the cause of action formally arise from defendant's contacts with the forum; rather, this criterion requires only that the cause of action, of whatever type, have a substantial connection with the defendant's in-state activities." *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002).

Plaintiff does not allege facts to support a finding that the cause of action "arises from" Defendant's contacts with Ohio. The alleged breach of contract occurred in Texas where Defendant refused to pay. (Doc. 4 at 8). *See e.g. Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 152 (6th Cir. 1997) (refusal to pay arose in state where decision was made not to pay). Accordingly, the second prong of the constitutional analysis fails.

### 3. Reasonableness

The third prong states that "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Air Prods*., 503 F.3d at 554. In other words: whether exercising personal jurisdiction would "comport with traditional notions of fair play and substantial justice." *CompuServe*, 89 F.3d at 1267-68. When

9

applying this third prong, "where the first two criteria are satisfied, 'only the unusual case will not meet the third criterion.'"  *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd*., 138 F.3d 624 (6th Cir. 1998).  "Whether the exercise of jurisdiction over a foreign defendant is reasonable is a function of balancing three factors: the burden on the defendant, the interest of the forum State, and the plaintiff's interest in obtaining relief."  *City of Monroe Emps. Ret. Sys. v. Bridgestone*, 399 F.3d 651, 666 (6th Cir. 2005).  Courts must also weigh "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

Here, Defendant's burden is significant, since no part of the cause of action occurred in Ohio.  Furthermore, Ohio is not likely to have any interest in this case because the cause of action did not arise in and has not substantially affected the state.  Although Plaintiff has a strong interest in obtaining relief in Ohio, it is not strong enough to outweigh the other two factors.  Therefore, haling Defendant into court in Ohio would violate Defendant's due process rights.

Plaintiff has failed to evidence personal jurisdiction under either the Ohio long-arm statute or the Constitutional due process standard.  As both the long-arm statute and due process must be satisfied in order for this Court to exercise personal jurisdiction, and since neither standard is met here, this case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

## V.    CONCLUSION

Accordingly, for the foregoing reasons, Defendant PrimeLending's motion to dismiss for lack of personal jurisdiction (Doc. 4) is **GRANTED**.  The Clerk shall enter judgment accordingly, and this case shall be **CLOSED** in this Court.

**IT IS SO ORDERED**.

Date:  7/23/14                                  *s/ Timothy S. Black*
                                               Timothy S. Black
                                               United States District Judge